UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| D-COL, INC., <br> PATRICK STOLMEIER, <br> JONATHAN STOLMEIER, <br> SUPERIOR CONCEPTS, <br> <br> Plaintiffs, <br> v. <br> <br> TERRY L. YOUNG, <br> JAMES ESPINOZA, <br> SUPERIOR REHABILITATION <br> TECHNOLOGY, <br> <br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> <br> SA-09-CV-0423 OG (NN) |

**REPORT AND RECOMMENDATION**

TO:   Honorable Orlando Garcia
      United States District Judge

This report and recommendation addresses the plaintiffs' motion to remand.[1] I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After considering the motion, response and reply, I recommend remanding this case to state court.

**Background of the motion**. Plaintiffs Patrick Stolmeier, Jonathan Stolmeier, Superior Concepts, and D-Col, Inc. filed their original petition in the 407th Judicial District, Bexar

---

[1]Docket entry # 3.

[2]Docket entry # 10.

County, Texas. The plaintiffs named Patrick Stolmeier's business associate Terry Young, James Espinoza, and Superior Rehabilitation Technology as defendants. The lawsuit arose from the parties' business relationships regarding two separate business ventures.

The first business venture relates to D-Col, a company created by Patrick Stolmeier to develop and market anti-microbial products. Patrick Stolmeier worked with Young while developing D-Col. Young contributed to D-Col as an investor, but was never considered a stakeholder in the company.[3] Young previously started his own company, Superior Rehabilitation Technology, which sold muscle simulators. The plaintiffs contend that Young and Superior Rehabilitation Technology misappropriated D-Col's internet domain name—d-col.com—with the intent to deprive D-Col of its use and economic benefits.[4] The claims regarding D-Col do not bear on the motion to remand.

The second business venture relates to an endoscopic port cleaner known as the "Plunge Bob." The plaintiffs maintain that Superior Concepts entered into an agreement with Espinoza to develop and market the "Plunge Bob."[5] Patrick Stolmeier and Young started Superior Concepts to develop, market and distribute medical products, including D-Col products. Espinoza was the person who first recognized the need for the "Plunge Bob." Patrick Stolmeier and his son, Jonathan, maintain they designed the "Plunge Bob." Patrick Stolmeier claims to have prepared a patent application with input from Espinoza in Fall 2007, naming Patrick Stolmeier, Jonathan Stolmeier and Espinoza as co-inventors of the "Plunge Bob." That application, however, was not

---

[3] Docket entry # 1, exh. A (background facts about D-Col in the plaintiffs' original petition).

[4] *Id.* (causes of action in plaintiffs' original petition).

[5] *Id.* (background facts about Young and Espinoza in the plaintiffs' original petition).

filed with the United States Patent and Trademark Office (USPTO) until April 8, 2009. Espinoza and Young currently market and sell the "Plunge Bob" through another business. The plaintiffs allege that by their producing, manufacturing and distributing the "Plunge Bob" with another company defendants are liable for breach of contract, fraud and breach of fiduciary duty.[6]

In their original petition, the plaintiffs sought relief in the form of (1) a temporary restraining order (TRO) enjoining the defendants from removing, alienating, hindering or adversely affecting the plaintiffs' interests in the "Plunge Bob" and from using the d-col.com internet domain name; (2) a permanent injunction; and (3) damages.[7] The state court issued a TRO on April 13, 2009. The TRO enjoined the defendants, in part, from "taking any action that would remove, alienate, hinder or adversely affect Plaintiffs' ownership right and interest in the Plunge Bob device . . . ."[8] While the TRO was in effect—unbeknownst to the plaintiffs—Young and Espinoza filed a provisional patent application with the USPTO.[9] The TRO expired on April 30, 2009, when the parties entered into a state-court Rule 11[10] agreement after the preliminary injunction hearing, but before the plaintiffs were aware of the filing of the provisional patent application.[11] Upon learning about the patent application, the plaintiffs asked the state court to

---

[6] *Id.* (causes of action in the plaintiffs' original petition).

[7] *Id.* (plaintiffs' request for temporary restraining order).

[8] Docket entry # 1, exh. D (state-court TRO, ¶ f).

[9] Docket entry # 3, exh. B (provisional patent application).

[10] *See* Tex. R. Civ. P. 11 (requiring agreements between attorneys to be in writing).

[11] Docket entry # 3, p. 2.

hold the defendants in contempt for violating the TRO.[12] Before the state court ruled on the motion, the defendants removed the case to this court. The defendants maintained the case was removable because it involves a substantial issue of federal patent law regarding the creation of the "Plunge Bob."[13] The plaintiffs now ask the district court to find that it is without subject jurisdiction and to remand this case.

**Applicable law**. Cases filed in state court may be removed to a federal district court if the federal court has original subject matter jurisdiction.[14] A federal district court has original jurisdiction over "any civil action arising under any Act of Congress relating to patents . . . ."[15] A case is removable based on federal question jurisdiction if a federal claim is present in the original complaint or if the plaintiff's right to relief necessarily depends the resolution of a substantial issue of federal law.[16] Under the well-pleaded complaint rule, this standard also applies to cases involving patent law.[17]

A case may be remanded to a state court if the federal district court finds that there is a

---

[12] Docket entry # 3, exh. D (motion for contempt).

[13] Docket entry # 1 (notice of removal).

[14] 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . .").

[15] 28 U.S.C. § 1338(a).

[16] *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983) ("[A] well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law."). *See also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988).

[17] *Air Measurement Technologies v. Akin Gump Strauss Hauer & Feld*, 504 F.3d 1262, 1271 (Fed. Cir. 2007) ("That these cases do not address § 1338 analysis is of no moment because in *Christianson*, the Supreme Court grafted § 1331 precedent onto its § 1338 analysis . . . .").

procedural defect[18] or a lack of original subject matter jurisdiction.[19] The burden of proof rests on the party requesting the removal.[20] Additionally, the federal district court has discretion to award just costs and actual expenses to be paid to one party by the other party for improper removal.[21]

**Whether a federal question is present in the original petition.** Federal courts are courts of limited jurisdiction and subject matter jurisdiction exists if one of the claims involves a question arising under federal law.[22] In the original petition, the plaintiffs allege that the defendants committed fraud, breach of contract, misappropriation and breach of fiduciary duty. Each of these claims has a basis in state law and does not arise under the federal law.[23] The defendants concede that there are no originally pleaded questions of federal law.[24] The original

---

[18] 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a).").

[19] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[20] *In re Hot-Hed*, 477 F.3d 320, 323 (5th Cir. 2007) ("The removal statute is . . . to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.") (*citation omitted*).

[21] 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

[22] 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.").

[23] *See Ernst, Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (elements of fraud); *Bohatch v. Butler & Binion*, 977 S.W.2d 543, 545 (Tex. 1998) (elements of fiduciary duty); *McLaughlin, Inc. v. Northstar Drilling Technologies, Inc.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.) (elements of breach of contract); *U. S. Sporting Products v. Johnny Stewart Game Calls*, 865 S.W.2d 214, 218 (Tex. App.—Waco 1993, writ denied) (elements of misappropriation).

[24] Docket entry # 1, p. 2 ("The original petition cited only state court causes of action.").

petition provides no basis for federal subject matter jurisdiction because no federal claim is present in the original petition.

**Whether the plaintiffs' right to relief necessarily depends on the resolution of a substantial issue of federal law**. In removing the case, the defendants contended the plaintiffs raised issues that must be answered under federal patent law in regard to the "Plunge Bob." Because the plaintiffs' causes of action arise under state law, the defendants must show that the plaintiffs' right to relief depends on a resolution of a substantial issue of federal law.[25] Stated otherwise, the defendants must prove that federal law is essential to one of the plaintiffs' state causes of action for this case to remain in federal court.

The defendants contend that the plaintiffs' original petition was vague, but that the plaintiffs' actions show that their claims depend on the resolution of a substantial issue of federal law.[26] The defendants maintain that the fraud and misappropriation causes of actions can be construed to raise federal claims. The defendants' fraud-interpretation argument is based on a sentence in the plaintiffs' motion for contempt suggesting fraud may have been committed against the USPTO as result of the provisional-patent application.[27] However, the defendants applied for a provisional patent <u>after</u> the plaintiffs filed their petition and during the pendency of

---

[25] *Christianson*, 486 U.S. at 808-09 ("[Section] 1338(a) jurisdiction likewise extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.").

[26] Docket entry # 8, p. 4.

[27] *Id*. ("Interpreted as patent law claims . . . 'fraud' means fraud on the United States Patent and Trademark Office.").

6

the TRO. Because the provisional-patent application was filed after the original petition, the plaintiffs' suggestion that the defendants may have committed fraud on the USPTO by the filing of the patent application does not support the defendants' interpretation of the plaintiffs' fraud claim.

The defendants' argument that the misappropriation claim supports federal jurisdiction construes the claim to allege the misappropriation of the "Plunge Bob" design. That may be a plausible interpretation of the claim, but a plausible interpretation is not enough to prove that this claim necessarily depends on the resolution of a substantial issue of federal patent law.[28] For the court to find that federal patent law is essential to the claim, there must be no other viable interpretation of the state-law claim.[29] The defendants conceded in their response to the motion to remand that a state-law claim of misappropriation can be premised on a breach of the agreements between parties.[30] As the removing party, the defendants must establish that the state-law claim of misappropriation can only be construed so as to require resolution of a substantial question of patent law.[31] The defendants have not made that showing.

---

[28] *American Tel. and Tel. Co. v. Integrated Network Corp.*, 972 F.2d 1321, 1324 (Fed. Cir. 1992). ("Under *Christianson*, every theory of a claim as pled must depend on patent law if there is to be federal jurisdiction.").

[29] *Uroplasty, Inc v. Advanced Uroscience*, 239 F.3d 1277, 1279 (Fed. Cir. 2001) ("A claim supported by alternative theories in the complaint may not form the basis for section 1338(a) jurisdiction unless patent law is essential to each of those theories.") (citing *Christianson*, 486 U.S. at 810).

[30] Docket entry # 8, p. 4 ("[T]he petition could simply mean trade secrets and other unpatentable confidential information . . . .").

[31] *Christianson*, 486 U.S. at 810 ("Thus, a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories.").

The defendants also maintain that the plaintiffs' actions before the state court demonstrate that the resolution of a substantial issue of federal patent law is essential to their claims. The defendants rely on the motion for contempt, discovery requests, attorney correspondence, and the plaintiffs' testimony during the TRO hearing.[32] The plaintiffs' motion for contempt discusses the provisional-patent application and suggests possible fraud against the USPTO in the filing of the provisional application, but those references explain the motivation for the contempt proceeding. They are not essential to the underlying claims presented in the petition. The motion for contempt asked the state court to recognize that the defendants disregarded the TRO by applying for a provisional patent. The motion did not discuss the merits of the case or raise new issues about ownership, as the defendants suggested. Even if the motion for contempt raised patent questions, the defendants have not established that resolution of the contempt matter is essential to the resolution of the plaintiffs' claims or that the plaintiffs' right to relief on those claims depends on the resolution of patent law.[33]

The plaintiffs' discovery requests, correspondence and testimony during the state-court TRO hearing referred to patents and inventions, but the mere mention of a patent law issue is insufficient to prove that the plaintiffs' right to relief necessarily depends on the resolution of a substantial issue of federal patent law so as to confer federal subject matter jurisdiction.[34] The

---

[32] Docket entry # 8, pp. 5-11.

[33] *Compare* docket entry #1, exh. C (plaintiffs' motion for contempt), *with Christianson*, 486 U.S. at 815 (stating that summary judgment papers did not assert a new patent law claim).

[34] *Bd. of Regents, Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 414 F.3d 1358, 1363 (5th Cir. 2005) ("[T]he presence of a possible question of inventorship does not convert the state law action into one arising under patent laws.") (discussing *Consol. World Housewares v. Finkle,* 831 F.2d 261, 265 (Fed. Cir. 1987)).

8

correspondence referenced the motion for contempt—not the original petition—and the argument and evidence at the temporary injunction hearing addressed the status quo which the TRO was intended to preserve.[35]

In seeking discovery, a party's requests need only be reasonably calculated to lead to admissible evidence.[36] The plaintiffs' discovery requests include requests for invention and patent information. The substantial issues in this case revolve around the agreements and understandings between the parties. Questions about Espinoza's participation in Patrick Stolmeier's patent application are relevant to the state causes of action and establish the business relationship among the parties. Discovery relating to the invention of the "Plunge Bob" and an associated patent does not necessarily mean that the information the plaintiffs sought "could only be relevant" to patent issues.[37]

Defendants also maintain that the plaintiffs' efforts to depose the defendants' patent law attorney shows the plaintiffs' right to relief necessarily depends on the resolution of a substantial question of patent law.[38] As noted above, the scope of discovery is typically broader than the claims at issue. This deposition discovery does not expand the claims present in the petition.

---

[35] *Wallin v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("At the hearing of a temporary writ of injunction, the applicant is not required to establish that she will prevail on the final trial; the only question before the trial court is whether the applicant is entitled to the preservation of the status quo pending trial on the merits.") (citation omitted).

[36] Tex. R. Civ. P. 192.3 (a).

[37] Docket entry # 8, p. 11. *See Yuksel v. N. Am. Power Tech.*, 805 F. Supp. 310, 312 (E.D. Pa. 1992) ("The mere fact that there is a patent pending product mentioned in the complaint does not in and of itself create jurisdiction for the case to be heard by this court, since this product is at best only tangentially related to the claims.").

[38] Docket entry # 8 pp. 11-12.

The plaintiffs' actions are inconclusive evidence that the resolution of a patent law question is essential and necessary for the plaintiffs to obtain relief.

Moreover, a case may not be removed merely because the defendant injects a federal patent law argument into the litigation.[39] The defendants cannot create removal jurisdiction simply by introducing patent questions into trial proceedings or by speculating about possible interpretations of the plaintiffs' petition.[40] Although the plaintiffs refer to inventions and patent issues in the motion for contempt, discovery requests, attorney correspondence and testimony during the injunction hearing, it does not necessarily follow that the claims found in their petition depend upon resolution of these issues. The defendants have not proven that the plaintiffs' right to relief necessarily depends on a substantial issue of federal patent law. Consequently, the federal court lacks subject matter jurisdiction.

**Whether attorney fees and costs should be awarded.** In their motion to remand, the plaintiffs asked for an award of attorney fees and costs for the federal district court proceedings. Federal district courts have the discretion to award just costs and actual expenses.[41] The award may include attorney fees.[42] The plaintiffs claim that the removal notice was frivolous and filed in an attempt to evade a hearing on a motion for contempt which was scheduled for June 4,

---

[39] *Air Measurement*, 504 F.3d at 1268 ("Thus, a claim does not arise under the patent laws if a patent issue appears only in a defense to a claim.").

[40] *Christianson,* 486 U.S. at 811 ("The well-pleaded complaint rule, however, focuses on claims, not theories and just because an element that is essential to a particular theory might be governed by federal patent law does not mean that the entire monopolization claim 'arises under' patent law.") (citations omitted).

[41] 28 U.S.C. § 1447(c).

[42] *Id*.

2009.[43]

Awards of this nature are rare and are not justified merely because the cause was improperly removed.[44] While the timing of the removal raises a question of tactics and the defendants' arguments are creative, the court considers the merits of the issues and not the motivation of the party.[45] The defendants had objectively reasonable grounds upon which to remove this case. Therefore, I recommend denying the plaintiffs' request.

**Recommendation**. Because the defendants did not prove that the plaintiffs' right to relief necessarily depends on a substantial issue of federal patent law this case, I recommend GRANTING the plaintiffs' motion to remand (docket entry # 3) and REMANDING this case to the 407th Judicial District, Bexar County, Texas. I also recommend DENYING the plaintiffs' request for attorney fees and costs. If the district judge does not accept the recommendation to remand this case and retains this case, I recommend denying all pending motions subject to their re-urging under the appropriate Federal Rules of Civil Procedure.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

---

[43] Docket entry # 3, p. 9.

[44] *Valdes v. Wal-Mart Stores*, 199 F.3d 290, 292 (5th Cir. 2000) ("Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them.").

[45] *Valdes*, 199 F.3d at 292 ("In sum, we do not consider the motive of the removing defendant. We do, however, consider objectively the merits of the defendant's case at the time of removal.").

mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[46] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[47] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[48]

**SIGNED** on September 4, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[46] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[47] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[48] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).